IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 2 1 2015

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| ANTHONY TROY JOHNSON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-118-A |
| | § | (NO. 4:12-CR-225-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for decision the motion of Anthony Troy Johnson
("movant") under 28 U.S.C. § 2255 to vacate, set aside, or
correct sentence by a person in federal custody.  After having
considered such motion, the government's response, the pertinent
parts of the record in Case No. 4:12-CR-225-A, styled "United
States of America v. James Lee Williams, II, et al.," and
pertinent legal authorities, the court has concluded that such
motion should be denied.

I.

Background

On March 18, 2013, movant pleaded guilty to one count of
wire fraud, in violation of 18 U.S.C. § 1343.  On July 5, 2013,

1

the court sentenced movant to a term of imprisonment of 48 months

to be followed by a three-year term of supervised release.

Movant appealed his sentence to the United States Court of

Appeals for the Fifth Circuit, which affirmed by a judgment

issued as a mandate on May 5, 2014.  He sought a writ of

certiorari from the United States Supreme Court, which was denied

October 6, 2014.  Movant filed his § 2255 motion on February 26,

2015, the government responded on March 18, 2015, and movant did

not file a reply.

II.

Grounds of the Motion

The two grounds of the motion and the facts supporting each

of those grounds, as stated in the motion, are as follows:

> **GROUND ONE:  A 1993 Insufficient Funds Check was
> erroneously use against Movant to incorrectly upward
> variance or upward depart Movants sentence.**
> (a) Supporting facts:
> It is common knowledge that sentences for felony
> sentences are counted against a Movant.  However,
> sentences for misdemeanor and petty offenses are
> counted, **EXCEPT AS FOLLOWS:  Insufficient funds check.**
> Additionally, I believe the statute of limitations had
> been run on the 1993 insufficient funds check, which is
> fifteen years (15).  The year 2013 - 1993 = 20 years.
> This Insufficient funds check is five (5) years beyond
> the statute of limitations, and should have never been
> allowed our used by **ANY** member of Court.

Mot. at 5 (errors in original).

GROUND TWO:  A 1995 forgery of financial instrument
charge was erroneously used against Movant to
incorrectly upward variance Movants sentence.
(a) Supporting facts:
Once again, it is well documented that any prior
sentence of imprisonment exceeding one year and one
month that was imposed with **FIFTEEN (15) YEARS** of the
Movants commencement of the instant offense is counted.
**HOWEVER**, this 1995 forgery of financial instrument
was, **AGAIN**, beyond the federal statute of limitations
to be used in Court to justify the erroneous increase
of time to my sentence.  The forged financial
instrument charge was adjudged in 1995.  So the doing
the statute of limitations math, the instant case was
in 2013 - 1995 = 18 years, three (3) years beyond the
statute.

Id. at 6.

III.

Analysis

A.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to

appeal, courts are entitled to presume that a defendant stands

fairly and finally convicted.  United States v. Frady, 456 U.S.

152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32

(5th Cir. 1991).  A defendant can challenge his conviction or

sentence after it is presumed final on issues of constitutional

or jurisdictional magnitude only, and may not raise an issue for

the first time on collateral review without showing both "cause"

for his procedural default and "actual prejudice" resulting from

the errors.  Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).  Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack."  Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  The Grounds of the Motion are not Cognizable under 28 U.S.C. § 2255

Movant appears to be proceeding on the incorrect assumption that the court is limited by some time period for the consideration of criminal history of movant.  Of course, the court is entitled to consider movant's entire criminal history in evaluating what sentence to impose.  After considering movant's criminal history, the court concluded that a sentence significantly above the top of the advisory guideline range would be appropriate in movant's case.

Moreover, movant cannot assert the grounds he states in his motion because those grounds are barred by reason of movant's failure to raise them on direct appeal and because of his failure to show any cause and prejudice to avoid procedural default. See United States v. Guerra, 94 F.3d 989, 993-94. Movant has adduced no evidence that there was any objective factor external to the defense that prevented him from raising his current complaints on direct appeal, nor can movant point to any evidence that he suffered any prejudice, i.e., that the result would have been different. Moreover, his complaints lack arguable merit.

Therefore, neither of movant's grounds provided basis for any habeas relief for movant.

IV.

Order

Therefore,

The court ORDERS that movant's § 2255 motion be, and is hereby, denied.

\* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

5

denied, as movant has not made a substantial showing of the
denial of a constitutional right.

      SIGNED April 21, 2015.

JOHN McBRYDE
United States District Judge